IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
EASTERN DISTRICT ARKANSAS
AUG 1 3 1998
JAMES                    CLERK
By:_____ PLAINTIFF
DEP CLERK

VERNICESA F. BARNES                    PLAINTIFF

V.                    NO.: LR-C 98-547

MCDONALD'S CORPORATION,
NANCY BALL D/B/A MCDONALD'S
NDK CORPORATION                    DEFENDANTS

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Jones_

**COMPLAINT**

Comes now the plaintiff, Vernicesa F. Barnes, by and through undersigned counsel, and for her complaint, states:

I.

**JURISDICTION**

1.    This is an action for negligence, and for violation of the Arkansas Deceptive Trade Practices Act, A.C.A. §§ 4-88-100, et seq. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343.

II.

**PARTIES**

2.    Plaintiff is a female citizen of the United States who resides in Saline County, Arkansas.

3.    The defendant, McDonald's Corporation is a corporation organized pursuant to the laws of the State of Delaware, licensed to do and doing business in the State of Arkansas.  The defendant, Nancy

Ball d/b/a McDonald's NDK Corporation is a company licensed to do and doing business in the State of Arkansas.

III.

STATEMENT OF THE CASE

4.   As a local resident of Benton, Arkansas, plaintiff is a frequent and regular customer of the McDonald's restaurant (Store Number 3539) located on Military Avenue, and owned and operated by defendant Ball.  Defendant Ball is in a relationship of franchiser - franchisee with defendant, McDonald's Corporation.

5.   On April 3, 1998, plaintiff went to McDonald's restaurant and purchased hash browns.  At the time of the purchase, McDonald's was promoting sales of their food items by sponsorship of a game know as The Monopoly Game at McDonald's.  A game piece was attached to the container holding plaintiff's hash browns in accordance with the rules of the game.  When plaintiff examined the game piece, she found that it stated "Instant Winner" with the denomination of $200,000.00 shown thereon.  The official rules entitled "The 1998 Monopoly Game at McDonald's" (a copy of which is attached hereto as exhibit 1) provides that such a game piece constitutes an Instant Winner - High Level Prize, and that "prizes will be awarded as follows:  .   .   . $200,000.00 Better Homes and Gardens Dream Home Cash Prize: (ARV: $200,000) Winner will receive a check in the amount of two hundred thousand ($200,000) dollars."

6. On April 3, 1998 plaintiff returned to defendant, Ball's restaurant, and, with the help of personnel who work there, filled out necessary forms to begin the redemption process. That form, together with the game prize stamp, is attached hereto as exhibit 2. After submission of the redemption forms, plaintiff was contacted by representatives of defendant and asked to come back to the restaurant to conduct an interview with members of the media concerning her getting the winner prize. Plaintiff also met the co-owner of the restaurant who congratulated her on being a winner, and plaintiff was told that she would tell Nancy Ball that she had been met.

7. On May 2, 1998, plaintiff received notification by letter dated April 30, 1998 that her game piece stamp would not be honored.

FIRST CAUSE:  NEGLIGENCE

8. Prior to having the game pieces disseminated, defendant, McDonald Corporation, became aware that some of the game pieces were defective. Defendant allowed the game to continue even though it knew, or reasonably should have known, that defective game pieces would be obtained by potential prizewinner.

9. Defendant failed to take adequate precautions to guard against the foreseeable consequences of its negligence. Defendant failed to put game rules on all game boards, instead, game rules were located inside the store where customers using the drive thru would never be able to see. Furthermore, the defendant took no steps to warn the general public or franchisee employees about the defective

game pieces.  Defendant made no attempts to publicize or simply indicate what defective game pieces such as the one that it purports that plaintiff had looked like.  A reasonable operator of a promotional game such as this would have done all of these actions.

### SECOND CAUSE:  DECEPTIVE TRADE PRACTICES

10.  Prior to having the game pieces disseminated, defendant, McDonald Corporation, became aware that some of the game pieces were defective.  Defendant allowed the game to continue even though it knew, or reasonably should have known, that defective game pieces would be obtained by potential prizewinner.

11.  Defendant failed to take adequate precautions to guard against the foreseeable consequences of its negligence.  Defendant failed to put game rules on all game boards, instead, game rules were located inside the store where customers using the drive thru would never be able to see.  Furthermore, the defendant took no steps to warn the general public or franchisee employees about the defective game pieces.  Defendant made no attempts to publicize or simply indicate what defective game pieces such as the one that it purports that plaintiff had looked like.  A reasonable operator of a promotional game such as this would have done all of these actions.

12.  The defendant knew that publicity would be generated from the game.  In fact, the major purpose of the game was to generate publicity and increase sales at its stores.

13.  The defendant knew that once a prizewinner was selected, a considerable amount of publicity would be generated.  In fact, defendant capitalized on the publicity by having a interview with plaintiff and a local news station plaintiff received the faulty prize ticket.

14.  Defendants benefited from the publicity generated by the promotion and the publicity generated from plaintiff receiving the faulty prize ticket.

15.  Plaintiff has been damaged by the defendant's treatment and is entitled to compensation.  She has no other legal recourse except this suit for equitable relief and damages.  Plaintiff is entitled to compensatory damages, damages for mental anguish and punitive damages.

## THIRD CAUSE:  BREACH OF CONTRACT

16.  Paragraphs 1 through 15 are hereby incorporated under this subsection by reference.

17.  Plaintiff purchased food items from McDonald's and Ball in return for which McDonald's and Ball were expected to honor plaintiff's winning game piece in the event she was to collect such a game piece in accordance with the rules of the game.  By dishonoring the game piece, McDonald's and Ball have in fact dishonored the game piece, and in so ding have breached the contractual relationship between plaintiff and the defendants.

18.  The conduct of the defendants was willful and wanton and therefore punitive damages should be imposed.

19.  Plaintiff demands a jury trial.

Wherefore, all premises considered, Plaintiff prays relief as follows:

1.  A preliminary and permanent injunction preventing the defendant, its agents, successors, employees, and those acting in concert with Defendant and under its direction, from engaging in the policies and practices complained of herein;

2.  Compensatory damages, damages for pain and suffering and damages for mental anguish in the amount of two million five hundred thousand dollars;

3.  Punitive damages in the amount of five hundred thousand dollars; and

3.  All other relief to which she is entitled.

Respectfully submitted,

Willard Proctor, Jr
Attorney at Law
1619 South Broadway
Little Rock, AR  72206
(501) 378-7720
Arkansas Bar No.:  87136

winword
game.doc