IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
EASTERN DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 24 1998

JAMES W. McCORMACK, CLERK
by: _____
                    DEP. CLERK

| | |
|---|---|
| VERNICESA F. BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. LRC 98-547 |
| | ) |
| McDONALD'S CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### ANSWER TO COUNT III
### OF PLAINTIFF'S COMPLAINT

Comes defendant McDonald's Corporation, hereinafter referred to as "McDonald's," by and through its attorneys, and for its answer to Count III of plaintiff's complaint, alleges and states:

1. Defendant denies each and every material allegation set forth in the complaint, unless specifically admitted to be true herein.

2. With respect to paragraph 1 of the complaint, defendant admits that the complaint purports to be an action for negligence and violation of the Arkansas Deceptive Trade Practices Act, but, as set forth in Defendant's Motion To Dismiss Counts I And II And To Strike Request For Punitive And Tort-Based Damages submitted herewith, denies that legally cognizable claims have been alleged. Defendant further denies that the jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. §§ 1331 and 1343, as set forth in defendant's previously submitted motion to dismiss.

3. With respect to paragraph 2 of the complaint, upon information and belief defendant admits that plaintiff is a female citizen of the United States who resides in Saline County, Arkansas.

4. With respect to paragraph 3 of the complaint, defendant states that Nancy Ball has been dismissed as a defendant in this case, and that the allegations regarding Ms. Ball and "McDonald's NDK Corporation" no longer need to be answered. To the extent that an answer to the allegations regarding Ms. Ball and "McDonald's NDK Corporation" is required, the allegations are denied. Defendant otherwise admits the allegations in paragraph 3 of the complaint.

5. With respect to paragraph 4 of the complaint, defendant is without knowledge sufficient to admit or deny whether plaintiff is a "frequent and regular customer" of the McDonald's restaurant located on Military Avenue. Defendant admits that the relationship between McDonald's and Nancy Ball is that of franchisor-franchisee, and that Ms. Ball operates the Military Avenue McDonald's.

6. Except as hereinafter specifically admitted, defendant denies each and every allegation in paragraph 5 of the complaint. Defendant admits that on or about April 3, 1998 certain McDonald's restaurants were participating in "The 1998 Monopoly Game at McDonald's." Defendant further admits that plaintiff received a game stamp that included the words "$200,000 Dream Home Cash" and "Instant" printed thereon. Defendant admits that a copy of the Official Rules of The 1998 Monopoly Game at McDonald's is attached to the complaint as Exhibit 1 and states that those Official Rules speak for themselves.

7. Except as hereinafter specifically admitted, defendant denies each and every allegation in paragraph 6 of the complaint. Defendant admits that plaintiff submitted the necessary form to begin the redemption process, and that a copy of that form, together with a copy of her game stamp, are attached to the complaint as Exhibit 2.

8. With respect to paragraph 7 of the complaint, defendant admits that plaintiff was advised by letters that the game stamp was mis-cut and therefore was not a winner.

9. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant is moving to dismiss Counts I and II of the complaint (as set forth in paragraphs 8 through 15 thereof) for failure to state a claim upon which relief can be granted. Accordingly, no answer to paragraphs 8 through 15 is necessary or appropriate pending a ruling on said motion.

10. With respect to paragraph 16, defendant hereby incorporates by reference its answers to paragraphs 1 through 15. To the extent that any allegation in paragraphs 1 through 15 requires further answer, it is denied.

11. Defendant denies each and every allegation in paragraph 17.

12. Defendant denies each and every allegation in paragraph 18.

13. Defendant concurs with plaintiff in demanding a trial by jury as set forth in paragraph 19.

14. Defendant reserves the right to amend and plead further upon discovery of additional facts and/or completion of the discovery process.

15. By way of affirmative defense to Count III of the complaint, defendant pleads and further avers as follows:

3

      a.    Plaintiff has failed to state a claim upon which relief can be granted because, among other reasons, paragraph 7 of the Official Rules states that game materials may be rejected if they contain "printing, typographical, mechanical or other errors" and that all decisions of the Redemption Center are "final, binding and conclusive." Plaintiff's game materials were rejected by the Redemption Center because they contain printing, typographical, mechanical and/or other errors.

      b.    Plaintiff's breach of contract claims fail for lack of consideration as plaintiff failed to submit valid official winning game stamps in accordance with the Official Rules.

      c.    Plaintiff is estopped from bringing, and/or has released, her purported claim by assenting in writing to the Official Rules, which by their terms bar such claims.

WHEREFORE, defendant McDonald's Corporation prays that plaintiff's complaint be dismissed with prejudice, for their costs herein, including a reasonable attorney's fee pursuant to Arkansas Code Annotated 16-22-308 (Repl. 1994), and all other just and proper relief.

Case 4:98-cv-00547-BRW   Document 8   Filed 11/24/98   Page 5 of 5

Dated: November __, 1998                    Respectfully Submitted,

_____
ATTORNEYS FOR DEFENDANT
McDONALD'S CORPORATION

W. Lee Tucker
BOSWELL, TUCKER & BREWSTER
408 North Reynolds Road
Bryant, Arkansas 72089-0798
(501) 847-3031

David S. Foster
Kevin C. May
LATHAM & WATKINS
Sears Tower, Suite 5800
Chicago, Illinois 60606
(312) 876-7700

## CERTIFICATE OF SERVICE

A copy of the foregoing DEFENDANT'S ANSWER TO COUNT III OF PLAINTIFF'S COMPLAINT has been mailed to Mr. Willard Proctor, Jr., 1619 South Broadway, Little Rock, Arkansas 72206 on this the 24 day of November, 1998.

_____
W. Lee Tucker

5