**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 1 1999

JAMES W McCORMACK, CLERK
By: _____
DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| VERNICESA F. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. LRC 98-547 |
| | ) | |
| McDONALD'S CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The game stamp submitted by Ms. Barnes in "The 1998 Monopoly Game at McDonald's" (the "Monopoly Game") was mis-cut. This fact cannot be disputed as it is clear on the face of the game stamp itself and confirmed by comparing it to properly-cut game stamps.

It is also beyond dispute (1) that mis-cut game stamps are null and void pursuant to the Official Rules of the Monopoly Game (the "Official Rules") -- which Ms. Barnes expressly agreed to in writing and incorporated into her complaint; (2) that the decisions of the McDonald's Redemption Center (the "Redemption Center") are "final, binding and conclusive" pursuant to the Official Rules; and (3) that the Redemption Center made a final, binding and conclusive determination that plaintiff's game stamp was mis-cut and therefore null and void pursuant to the Official Rules. Accordingly, Ms. Barnes has no right to a prize and defendant McDonald's Corporation ("McDonald's") is entitled to judgment in its favor as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

Beginning March 26, 1998, a promotional game entitled "The 1998 Monopoly Game at McDonald's" was conducted at participating McDonald's restaurants. See Affidavit of

Mark Landolt ("Landolt Aff.") at ¶ 3.[1]  Among the many prizes offered in the Monopoly Game were two cash prizes of $200,000.  See id. at ¶ 7.

Participants received game stamps affixed to certain McDonald's food packages.[2] See id. at ¶ 3.  The game stamps are of two types:  "Collect to Win" stamps and "Instant Win" stamps.  See id.  "Collect to Win" stamps indicate that other game stamps must be collected in order to win the prize identified on the stamp.  See id.  "Instant Win" stamps do not indicate that other game stamps must be collected in order to win the prize identified on the stamp.  See id. Corresponding to these two types of official game stamps, there are two ways to become a potential winner:  (1) collect the entire series of official "Collect to Win" stamps that constitute a complete collection section of the Monopoly game board or (2) obtain a single official "Instant Win" stamp.  See id.

This lawsuit involves a mis-cut "Collect to Win" game stamp submitted by plaintiff -- specifically, a mis-cut "North Carolina Avenue" stamp (#819).  See Exhibits 1 and 2. A properly cut "North Carolina Avenue" stamp is depicted below.  See Affidavit of Bobby Everett ("Everett Aff.") at ¶ 5.

---

[1]  All affidavits and exhibits referenced in this brief are submitted in the accompanying Defendant's Evidentiary Materials In Support Of Motion For Summary Judgment, which is filed and served herewith.

[2]  Game stamps were also available, without a McDonald's purchase, by submitting a request and a self-addressed stamped envelope to a specified address.  See Landolt Aff. at ¶ 3.



Ms. Barnes' mis-cut "North Carolina Avenue" stamp (#819) is depicted below and copies of Ms. Barnes' actual game stamp are submitted herewith as Exhibits 1 and 2. See id.; Landolt Aff. at ¶ 5.



Ms. Barnes claims that her game stamp is the "Instant Win" game stamp for the $200,000 prize. See Complaint at ¶ 5. The official $200,000 "Instant Win" game stamp (#828), however, is depicted below. See Everett Aff. at ¶ 6.



The game stamps for the Monopoly Game were printed in rows on large sheets, called webs, which were then cut to form individual stamps. See Everett Aff. at ¶ 2. A copy of

a portion of a game stamp web is submitted herewith as Exhibit 3.  See id.  When the game

stamp submitted by Ms. Barnes was produced, the web was out of register and the individual

game stamp was mis-cut.  See id. at ¶¶ 3-4.  As a result, the top portion of Ms. Barnes' "Collect

to Win" game stamp was cut off and the top portion of the "Instant Win" game stamp located

directly below it on the web was included on the bottom of Ms. Barnes' game stamp.  See id. at

¶ 3.  The pictures below demonstrate the cutting process with respect to both a properly

registered and the out of register "North Carolina Avenue" game stamp (#819).  See id. at ¶ 5;

see also Exhibit 3 (highlighting applicable stamp combination on printing web).

**PROPERLY REGISTERED**                              **OUT OF REGISTER**







Participants in the Monopoly Game are repeatedly advised that potential "high

level" winning stamps (such as the $200,000 prize claimed by Ms. Barnes) are not winners

unless and until verified by the Redemption Center.  Thus, the Official Rules provide that "high

4

game stamp(s) has been verified at the Redemption Center or a participating McDonald's, whichever is applicable." See Exhibit 10 at ¶ 2. The same point is reiterated at ¶ 4 of the Official Rules, and again in the redemption form signed and submitted by Ms. Barnes, which emphasizes that "You are not a winner until your game materials are verified at the Redemption Center . . . ." See Exhibit 10 at ¶ 4; Exhibits 1 and 11.

The Official Rules are equally clear in apprising participants that mis-cut game stamps are null and void, and in assigning sole responsibility for such determinations to McDonald's and the Redemption Center:

> Game materials are null and void . . . if they contain printing, typographical, mechanical or other errors. All decisions of McDonald's and the Redemption Center are final, binding and conclusive in all matters.

See Exhibit 10 at ¶ 7. The Official Rules emphasize this point by repeating it again in ¶ 5: "[D]ecisions of the judges . . . are final and binding in all respects." See id. at ¶ 5.

Ms. Barnes expressly assented to these requirements in writing when she submitted her game stamp to the Redemption Center. See Exhibits 1 and 11. She filled out and submitted a redemption form for her submission, wherein she was apprised that she is "not a winner until . . . verified at the Redemption Center." See id. She further declared that she had "read, understood, complied with and [did] accept all of the Official Rules" -- rules which repeatedly emphasize that she is not a winner until so adjudged by the Redemption Center, whose determination is final, binding and conclusive. See id.

Following submission to the Redemption Center, Ms. Barnes' entry was determined to be a mis-cut "Collect to Win" game stamp. See Landolt Aff. at ¶ 6. Pursuant to the Official Rules, the Redemption Center determined that the game stamp contained printing,

typographical, mechanical and/or other errors and was therefore null and void. See id. On April 30, 1998, the Redemption Center sent a letter to Ms. Barnes notifying her that her game stamp was a mis-cut "Collect to Win" game stamp and was therefore null and void. See Landolt Aff. at ¶ 6; Exhibit 8. Enclosed with this letter was a letter from McDonald's and $500 worth of McDonald's gift certificates. See Landolt Aff. at ¶ 6; Exhibit 9.

The Official Rules establish that two $200,000 prizes were available in the Monopoly Game. See Exhibit 10 ("Odds Chart"). One of the $200,000 prizes could be won by virtue of the entire series of three official "Collect to Win" game stamps for such prize and the other could be won by virtue of the official "Instant Win" game stamp for such prize. See Landolt Aff. at ¶ 7. The three official game stamps in the $200,000 "Collect to Win" series were submitted by a participant from Tempe, Arizona and the official $200,000 "Instant Win" game stamp was submitted by a participant from North Borough, Massachusetts. See id. These submissions were verified by the Redemption Center and, as is the procedure with high-level winning game stamps, were re-verified by Arthur Andersen, an independent auditing firm. See id. Accordingly, the $200,000 cash prizes have been paid to these participants. See id.

## McDONALD'S IS ENTITLED TO SUMMARY JUDGMENT

Ms. Barnes' breach of contract claim is founded on the Official Rules. It cannot be disputed that under the Official Rules, mis-cut game stamps are null and void, and determinations of the Redemption Center are final, binding and conclusive. It also cannot be disputed that Ms. Barnes' game stamp is mis-cut, and that the Redemption Center determined it to be null and void. McDonald's is, as a consequence, entitled to summary judgment.

I.    **Mis-Cut Game Stamps Are Null And Void And Determinations Of The
      Redemption Center Are Final, Binding And Conclusive**

      The Official Rules establish that game stamps that contain "printing,

typographical, mechanical or other errors" are null and void.  See Exhibit 10 at ¶ 7.  The Official

Rules further state that decisions of the Redemption Center are "final, binding and conclusive in

all matters."  See id.

      Ms. Barnes admits that she is bound by the Official Rules.  Indeed, Ms. Barnes

incorporated a complete copy of the Official Rules into her complaint in this proceeding.  See

Complaint at ¶ 5.  Moreover, Ms. Barnes assented to the Official Rules in writing at the time she

submitted her game stamp for verification, declaring that she had "read, understood, complied

with and [did] accept all of the Official Rules . . . ."  See Exhibits 1 and 11.  This signed

declaration of Ms. Barnes accepting the Official Rules was likewise incorporated into her

complaint in this matter as well.  See Complaint at ¶ 6.

      Lest there be any doubt, well settled law establishes that the Official Rules are

binding.  See, e.g., Waible v. McDonald's Corp., 935 F.2d 924, 926 (8th Cir. 1991)

(McDonald's Monopoly Game could be won only "by performing all the terms and conditions of

the promotion.");  Johnson v. BP Oil Co., 602 So.2d 885, 888 (Ala. 1992) ("[T]he terms of the

contest rules" govern the relationship "between the promoter of the contest and the person who

enters.");  Bolerama of Texas, Inc. v. Miyakawa, 449 S.W.2d 357, 359 (Tex. Civ. App. 1969)

("The rights of a contestant . . . are limited . . . by the conditions and rules of the contest as made

public.").

      Furthermore, it has long been established that where, as here, the rules of a game

state that the judges' decisions are final and binding, courts will not disturb those decisions in

the absence of fraud, bad faith or gross misapplication of the rules. See, e.g., Gilmore v. Procter & Gamble Co., 417 F.2d 615, 616 (6th Cir. 1969) (affirming summary judgment for promoter of promotional game where there was no fraud, gross mistake or bad faith in the awarding of prizes or in the construction of the rules of the contest); Furgiele v. Disabled American Veterans Service Foundation, 116 F. Supp. 375, 376 (S.D.N.Y. 1952) (granting summary judgment where there is no showing of fraud, gross mistake or lack of good faith in the judges' decision); Johnson, 602 So.2d at 888.

 As demonstrated herein, the Redemption Center's determination was squarely in accord with the Official Rules, and therefore may not be disturbed as a matter of law.

## II. Ms. Barnes' Game Stamp Is Mis-Cut And The Redemption Center Determined That It Was Mis-Cut

 That Ms. Barnes' game stamp is mis-cut is established beyond dispute on the face of the game stamp itself:

 First, the top portion of Ms. Barnes' "Collect to Win" game stamp has been cut off. See Everett Aff. at ¶ 3; Exhibits 1 and 2. As a result, Ms. Barnes' North Carolina Avenue game stamp is missing the green bar and the words "NORTH CAROLINA" found at the top of a properly-cut North Carolina Avenue game stamp. See Everett Aff. at ¶ 5; compare Exhibit 2 with Exhibit 5; see also Exhibit 3 (showing actual North Carolina Avenue stamp on printing web).

 Second, the top portion of the "Instant Win" game stamp located directly below Ms. Barnes' game stamp on the web is included on the bottom of Ms. Barnes' game stamp. See Everett Aff. at ¶ 3; see also Exhibit 3 (showing a North Carolina Avenue/Instant Win stamp combination on the printing web). Consequently, below the game stamp information on Ms.

Barnes' North Carolina Avenue game stamp is the word "INSTANT" and the top portion of the word "WINNER!" See id. at ¶ 5; Exhibit 2. Properly-cut "Instant Win" stamps contain the phrase "INSTANT WINNER!" at the top, never at the bottom. See Everett Aff. at ¶ 5; see also Exhibit 3 (showing actual "Instant Win" stamps on the printing web). Moreover, the fact that the lower portion of the word "WINNER!" is cut off from the game stamp highlights the miscutting of the game stamp. See Everett Aff. at ¶ 5.

Finally, the information set forth on Ms. Barnes' game stamp demonstrates that it is mis-cut. Ms. Barnes' North Carolina Avenue game stamp says both "NEED STAMPS 818, 819 & 820 TO WIN" and -- at least partially -- "INSTANT WINNER!" See Exhibit 2. The stark inconsistency of these two statements on the same game stamp further emphasizes the production error reflected in the stamp.

Indeed, a brief comparison between Ms. Barnes' entry and the fundamentally different official winning $200,000 "Instant Win" game stamp leaves no doubt that what Ms. Barnes submitted was a mis-cut "North Carolina Avenue" (#819) "Collect to Win" game stamp. Unlike Ms. Barnes' entry, the official winning $200,000 "Instant Win" game stamp: (1) contains a picture of a house and a telephone number; (2) contains the words "Stamp 828," not "Stamp 819"; (3) contains the words "Instant Winner!" in their entirety, and contains those words at the top, not the bottom; and (4) says nothing about other stamps being required in order to win. See Everett Aff. at ¶ 6. Thus, Ms. Barnes' game stamp is mis-cut and plainly not the official winning $200,000 "Instant Win" game stamp.

Not only is it indisputable that Ms. Barnes' game stamp is mis-cut, the Redemption Center -- whose decisions Ms. Barnes agreed are final, binding and conclusive -- determined that it is mis-cut. See Landolt Aff. at ¶ 6. In a letter dated April 30, 1998, the

9

Redemption Center explained that it had determined that Ms. Barnes' game stamp was "inadvertently mis-cut" and therefore null and void because it contains "printing, typographical, mechanical or other errors." See id.; Exhibit 8.

Plaintiff has not and cannot assert that the Redemption Center's decision constituted fraud, bad faith or a gross misapplication of the Official Rules. As discussed in detail above, the game stamp clearly evidenced printing, typographical, mechanical or other errors on its face. The Official Rules unambiguously address this situation, specifying that such a stamp is null and void.

The Official Rules establish that two $200,000 prizes were available -- one that could be won by virtue of the entire series of three official "Collect to Win" game stamps for such prize and another that could be won by virtue of the official "Instant Win" game stamp for such prize. See Landolt Aff. at ¶ 7. Ms. Barnes submitted neither, instead sending in a single, mis-cut "Collect to Win" stamp from the three-stamp $200,000 series. See id. at ¶ 5. The three official winning game stamps in the $200,000 "Collect to Win" series were submitted by a participant from Tempe, Arizona and the official winning $200,000 "Instant Win" game stamp was submitted by a participant from North Borough, Massachusetts. See id. at ¶ 7. These two participants have been judged winners and paid the $200,000 prizes by the Redemption Center. See id.

Accordingly, the winning game stamps for the $200,000 prizes were submitted by the individuals mentioned above -- *not* by Ms. Barnes. What she submitted was a mis-cut "Collect to Win" game stamp, conclusively determined null and void by the Redemption Center. McDonald's is, therefore, entitled to judgment in its favor as a matter of law.

For all the foregoing reasons, McDonald's respectfully requests that the Court enter summary judgment on the remaining count in this case -- for alleged breach of contract. This case can and should be disposed of now, without further expenditure of time and resources by the parties or this Court. Plaintiff has no claims here as a matter of law; a judgment so holding is required.

Dated: March __, 1999                     Respectfully Submitted,


_____
ATTORNEYS FOR DEFENDANT
McDONALD'S CORPORATION

W. Lee Tucker
BOSWELL, TUCKER & BREWSTER
Bryant Center
408 North Reynolds Road
P.O. Box 798
Bryant, Arkansas 72089-0798
(501) 847-3031

David S. Foster
Kevin C. May
LATHAM & WATKINS
Sears Tower, Suite 5800
Chicago, Illinois 60606
(312) 876-7700

11

## CERTIFICATE OF SERVICE

A copy of the foregoing DEFENDANT'S BRIEF IN SUPPORT OF MOTION

FOR SUMMARY JUDGMENT has been mailed to Mr. Willard Proctor, Jr., 1619 South

Broadway, Little Rock, Arkansas  72206 on this the 1st day of March, 1999.

W. Lee Tucker