IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VERNICESA F. BARNES                                      PLAINTIFF

V.                                  NO. LR-C 98-547

MCDONALD'S CORPORATION,
NANCY BALL D/B/A MCDONALD'S
NDK CORPORATION
                                                        DEFENDANTS

## PLAINTIFF'S BRIEF IN SUPPORT OF HER RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On a motion for summary judgment, Fed. R. Civ. P. 56 requires a finding that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Herbert v. Mohawk Rubber Co., 872 F.2d 1104,1106 (1st Cir. 1989). When a party moves for summary judgment, it must put the ball in play, averring "an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548,2544, 91 L.Ed2d 265 (1986). Once the movant has done so, the burden shifts to the nonmoving party to "establish the existence of at least one fact issue that is both 'genuine' and 'material.'" Id. A court must construe all factual inferences in the nonmoving party's favor. In the instant case, when all factual inferences are viewed in the light most favorable to the plaintiff, there remain several

genuine and material issues of fact to be tried and summary
judgment is therefore inappropriate.

    A.   <u>Defendants' are not entitled to a summary judgment
because they have failed to respond to discovery</u>.

      Defendant has failed to respond to written
interrogatories propounded by the plaintiff.  Plaintiff served
Interrogatories along with a copy of her complaint. (See, Exhibit
"A") Defendant has responded to the Request for Admissions that
were served with the complaint. (See, Exhibit "B")  However,
defendant has not responded to the Interrogatories.  (See,
Exhibit "C")  Since the defendant has failed to respond to
discovery, it is not entitled as a matter of law to a summary
judgment. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).  In
<u>Celotex Corp.</u>, the Supreme Court, noted:

"In our view, the plain language of Rule 56(c) mandates the entry
of summary judgment, after adequate time for discovery and upon
motion, against a party who fails to make a showing sufficient to
establish the existence of an element essential to that party's
case, and on which that party will bear the burden of proof at
trial."

<u>Id at 322</u>.

    Thus, summary judgment may not be granted if the nonmoving
party has had inadequate time to conduct discovery. <u>United States
v. Bliss</u>, 667 F. Supp. 1298, 1311 (E.D. Mo. 1987)  In a
concurring opinion in a case similar to the instant case, Circuit
Judge Garth noted:

"In the instant case, although Davis had timely sought discovery, the district court did not permit discovery to be completed prior to entering summary judgment. . . The district court's failure to resolve the motion for stay (and thus the issue of discovery) prior to ruling on the summary judgment motion, was an abuse of discretion."

Nelson Davis v. Witt, et al, 81 F.3d 89 (8th Cir. 1996).

The discovery sought is necessary to respond fully to defendant's motion for summary judgment.  In Interrogatory Number 2, plaintiff requested information concerning the prize winners.  Plaintiff should be allowed an opportunity to determine whether the prizes where given and the conditions under which the prizes were issued.  In Interrogatory Numbers 3 and 6, plaintiff sought information concerning other individuals who may have made similar complaints.  This information would be helpful in determining whether defendant complied with the rules and terms set forth in the game pieces.  Interrogatory Number 9 seeks information about statements that may have been made by defendant through its agents or employees concerning plaintiff's claim and suit.  This information would be helpful to prove defendant's knowledge of faulty game pieces and defendant's failure to provide plaintiff with the rules and terms.  Interrogatories 10 and 11 seek information from defendant about individuals who have any knowledge about this suit.  These individuals may provide important facts that would help to respond to defendant's

contentions concerning the terms of the contract that existed between plaintiff and defendant.  Request for Production 4 seeks production of Standard Operating Procedures Manual, Policy and Procedures Manual, and any other regulation or rule which covered policies regarding the Monopoly at McDonald's Game including Memorandums and Addendums.  Clearly, this information would be helpful to respond to the defendant's allegations regarding the terms and conditions of the contract.  These items, along with the others requested by plaintiff, are necessary to give plaintiff a fair chance at responding to the motion for summary judgment.  Therefore, the motion for summary judgment should be denied.

B. <u>Defendant's are not entitled to a judgment as a matter of law since genuine issues of material fact remain to be litigated</u>.

The defendant's motion for summary judgment rests upon the assertion that a unilateral contract existed between plaintiff and defendant.  Defendant contends that under the terms of that contract, plaintiff was not entitled to the $200,000.00 prize listed on her game piece because she did not hold the official game piece.  Defendant contends that plaintiff's game piece was the result of a printing error.  Despite defendant's contentions, a genuine issue of material fact exists as to the actual terms of the contract that existed between plaintiff and

defendant.  In addition, a genuine issue of material facts exists as to what plaintiff was actually required to do to fulfill the terms of the contract that existed between plaintiff and defendant.   Thus, defendant is not entitled to a summary judgment.

Arkansas Code Annotated §4-102-101, et seq.  governs prize promotions in the State of Arkansas.  A.C.A. §4-102-101(1) defines "prize" as "a gift, award, or other item or service that is offered to a participant in a real or purported contest, competition, sweepstakes, puzzle, drawing, scheme, plan or other selection process.  A.C.A. §4-102-101(3) defines "sponsor" as a "corporation, partnership, limited liability company, sole proprietorship, or natural person that offers a prize to a person in Arkansas in conjunction with the sale or lease of any product or service, or in conjunction with any real or purported contest, competition, sweepstakes, puzzle, drawing, scheme, plan, or other selection process that requires, or creates the reasonable impression of requiring, or allows the person to pay any money as a condition of receiving, or in conjunction with allowing the person to receive, use, compete for, or obtain a prize or information about a prize."  Free prize promotions are not exempt from the provisions of this act where, as in this case, "the prize promotion provides any opportunity for any payment by

the person to the sponsor for any reason, regardless of whether such payment is required, and regardless of how such payment is denominated." A.C.A. §4-102-104(b)(3).

A.C.A. §4-102-106, requires that certain information be disclosed in the written prize notice that is given to the person to whom the prize is offered. A.C.A. §4-102-106(a) provides that "no sponsor shall offer a prize, nor shall a sponsor use any solicitation, whether written or oral, and however communicated, that offers a prize, unless the person to whom such offer is made has first received a written prize notice containing the information required in subsections (b) and (c) of this section." A.C.A. §4-102-106 provides that a written prize notice must contain each of the following:

"(1) The true name or names of the sponsor and the address of the sponsor's actual principal place of business;

(2) The retail value of each prize the person receiving the notice has been selected to receive or may be eligible to receive;

(3) A statement of the person's odds of receiving each prize identified in the notice;

(4) Any requirement that the person pay shipping or handling fees or any other charges in order to obtain or use a prize, or any

fees required to obtain information about a prize, including the nature and amount of such charges;

(5) If the receipt of the prize is subject to a restriction, a statement that a restriction applies, and a description of the restrictions;

(6) Any limitations on eligibility for the prize;  and

(7) If a sponsor represents that the person is a "winner", is a "finalist", has been "specially selected", is in "first place", or is otherwise among a limited group of persons with an enhanced likelihood of receiving a prize, the written prize notice must contain a statement of the maximum number of persons in the group or purported group with this enhanced likelihood of receiving a prize.

A.C.A. §4-102-106(c) provides:

"The information required by subsection (b) of this section must be presented in the following form:

(1) The retail value and statement of odds required under subdivisions (b)(2) and (3) of this section must be stated in immediate proximity to each identification of a prize on the written notice, and must be in the same size and boldness of type as the reference to the prize;

(2) The statement of odds must include, for each prize, the total number of prizes to be given away and the total number of written prizes to be distributed;

(3) The number of prizes and written prize notices must be stated in Arabic numerals;

(4) The statement of odds must be in the following form: "... (number of prizes) out of ... (notices distributed)";

(5) If a person is required to pay shipping or handling fees or any other charges in order to obtain a prize, to be eligible to obtain a prize, to obtain information about a prize, or to otherwise participate in the contest, the following statement must appear in immediate proximity to each listing of the prize in the written prize notice, in not less than ten (10) point bold face type:  "YOU MUST PAY $..... TO RECEIVE THIS ITEM" or "YOU MUST PAY $..... TO COMPETE FOR THIS ITEM" or "YOU MUST PAY $..... TO OBTAIN INFORMATION ABOUT THIS ITEM", whichever is applicable; and

(6) A statement required under subdivision (b)(7) of this section must appear in immediate proximity to each representation that the person is among a group of persons with an enhanced likelihood of receiving a prize, and must be in the same size and boldness of type as the representation."

To the extent the terms of the contract between plaintiff and defendant are at odds with Arkansas law, they are void.

A genuine issue of material fact exists as to where the terms of the contract may be found. Based upon A.C.A. §4-102-106, plaintiff contends that the terms of the contract can only be found by looking at the game piece. The game piece was the only notice which plaintiff received concerning the prize which she had won. This game piece did not contain any rules, regulations or conditions. It merely indicated that plaintiff was the instant winner. Possession of the game piece made plaintiff and winner.

Defendant argues that the terms of the contract can be found in the game rules; however, defendant did not supply plaintiff with the rules of the games at the time she received the game piece. Plaintiff did not receive the game rules until after she requested the names of the winners of the prize. The terms which defendant attempts to impose from the rules of the game are not controlling. A.C.A. §4-102-106(b)(5), specifically requires the defendant to describe any restrictions that might apply in writing in the written prize notice that is provided. As previously noted, no restrictions were listed on the game piece nor were any provided to plaintiff at the time she secured the

game piece.  The only other item which plaintiff had at the time
she secured the game piece was a game board.  Plaintiff had
received the game board prior to receiving the game piece.  (See,
Exhibit "D")  The game board contains none of the terms which
defendant indicates were a part of the contract.  The only
reference made to the official rules is that "You must read and
comply with the complete official rules posted at participating
McDonald's Restaurants."  (See, Exhibit "E")  Again, A.C.A. §4-
102-106(b)(5) requires that the written prize notice to contain
"a description of the restrictions" that apply.   This game
board had does not contain these restrictions.  However, as
previously noted, this game board was not provided to plaintiff
at the time she received the game piece, and therefore, the terms
would not apply to the contract which existed between plaintiff
and defendant since A.C.A. §4-102-106(a) requires that the
written notice prize notice be given prior to the offer of the
prize.

Besides the game board, plaintiff completed the Verification
form. (See, Plaintiff's Exhibit "F")  Plaintiff did not agree to
waive claims for Verification Procedures that are used.
Plaintiff accepted the official rules; however, she had assumed
that these rules referred to those listed on the game board.
Whatever the case however, the verification form failed to list

any restrictions which might apply. Consequently no terms can be added to the contract that were not provided on the game piece. As a result, defendant is not entitled to a summary judgment as a matter of law.

### CONCLUSION

Plaintiff prays that defendant's motion for summary judgment be denied since the defendant did not answer discovery. If this Court is not inclined to deny the motion on that basis, plaintiff prays that this Court enter an order denying plaintiff's request that defendant answer discovery and granting the plaintiff additional time to supplement its response to this motion for summary judgment. Wherefore, plaintiff prays that the defendant's motion for summary judgment be denied and that she be granted to all relief to which she is entitled.

Respectfully submitted,

Willard Proctor, Jr.
Attorney for the Plaintiff
1619 South Broadway
Little Rock, AR  72206-1218
(501) 378-7720
Arkansas Bar No.:  87136

### CERTIFICATE OF SERVICE

I, Willard Proctor, Jr., do hereby certify that I have served a copy of the above and foregoing pleading upon all parties to this proceeding by placing a copy of the same in the

United States Mail, postage prepaid and properly addressed on
this 29th day of March, 1999:

Mr. W. Lee Tucker
Boswell, Tucker & Brewster
P.O. Box 798
Bryant, AR  72089-0798

                                        _Willelln_____
                                        Willard Proctor, Jr.

winwood
mtnwd.doc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# *Exhibits Attached to Original Document in Court's Case File*